**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-CV-331-PLC |
| | ) |
| ROMAN CATHOLIC ARCHDIOCESE OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on:  (1) Plaintiff's motion requesting permission to proceed anonymously as "John Doe, J.P." [ECF No. 2]; (2) Plaintiff's motion for leave to commence this civil action *in forma pauperis* (without payment of the required filing fee) [ECF No. 3], and (3) review of the complaint under 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure ("Rule") 12(h)(3).[1]  The Court grants Plaintiff's motions and provides Plaintiff an opportunity to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  *See* Rule 12(h)(3).

### Proceeding anonymously

Generally, Rule 10(a) requires parties to identify themselves in their pleadings, but a court has discretion to permit a plaintiff to proceed anonymously.  *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999).  One exception to requiring identification of a plaintiff is "where the plaintiff is required to disclose information of the utmost intimacy" during the course of the proceedings.  *Doe H.M. v. St. Louis Cty.*, No. 4:07-CV-2016 (CEJ), 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008).  The Eastern District in *Doe H.M.* granted the plaintiff's motion to

---

[1] The Clerk placed Plaintiff's motions and complaint, as well as the inmate account statement Plaintiff filed in support of his *in forma pauperis* motion, under seal because Plaintiff seeks permission to proceed anonymously and his name appears on each of those documents.  *See* Feb. 28, 2020 docket entry under "remark."

proceed under a pseudonym upon concluding "the interest of preserving the plaintiff's privacy through the use of a pseudonym outweigh[ed] the interest of the public in ascertaining his true identity" because details regarding sexual abuse of the plaintiff during his childhood were "likely to be revealed" in the lawsuit. *Id.*

The Court concludes the reasoning of *Doe H.M.* is applicable here due to Plaintiff's allegations that one Defendant sexually abused Plaintiff during his childhood. Therefore, the Court grants Plaintiff's motion requesting permission to proceed anonymously as "John Doe J.P." *See also John Doe CS v. Capuchin Franciscan Friars*, 520 F. Supp. 2d 1124 (E.D. Mo. 2007) (considering the claims of a John Doe plaintiff alleging a teacher at Cardinal Ritter Preparatory High School sexually abused him approximately twenty five years earlier); *Doe HL v. James*, No. 4:05-CV-2032 CAS, 2006 WL 6677124, at *1 (E.D. Mo. Aug. 15, 2006) (considering the claims of a John Doe plaintiff alleging a Roman Catholic priest sexually abused the plaintiff more than twenty five years earlier).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* pays the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, a federal district court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner forwards these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff, who is pursuing this lawsuit *pro se*, is an inmate at the Greenville Federal Correctional Institution ("GFCI") in Greenville, Illinois. In support of his motion to commence this civil action without payment of the required filing fee, Plaintiff submitted a copy of his inmate account statement [ECF No. 4]. A review of Plaintiff's account shows an average monthly deposit of $149.53 and an average monthly balance of $177.07. Plaintiff has insufficient funds to pay the entire filing fee. Therefore, the Court grants Plaintiff's motion to proceed *in forma pauperis* (or to commence this action without payment of the required filing fee). Under the circumstances and the terms of Section 1915(b)(1), the Court also assesses an initial partial filing fee of $35.41, which is 20 percent of Plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), a federal district court must dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or requests monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, under Rule 12(h)(3), a federal district court must dismiss a lawsuit if at any time the court concludes it lacks subject matter jurisdiction.

A federal court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (internal quotation marks omitted) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However,

3

even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel, *see McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed this action against:  the Archdiocese of St. Louis ("the Archdiocese"); Catholic Services for Children, which allegedly operated St. Joseph's Home for Boys ("the Home"); Archbishop R. J. Carleson; Archbishop Raymond Burke; Sandra Price, a person who "turned over [Plaintiff's] information" to other individuals and "sent" those individuals to Plaintiff's "family's home and obtained private documents" at an undisclosed time; Sister Mary Francis, who was the Home's Director during the relevant time; and Father Anderson, who worked at the Home during the relevant time.  Plaintiff alleges he was sexually assaulted and abused by Father Anderson when Plaintiff was a minor living at the Home, and Sister Mary Francis and the other Defendants, except Ms. Price, knew of the abuse and did nothing.  Plaintiff asserts he suffers from psychological damage and mental anguish as a result of the sexual abuse and seeks $500,000 in compensatory damages and $1,000,000 in punitive damages, as well as injunctive and declaratory relief.

Defendants are liable, Plaintiff claims, under (1) 42 U.S.C. § 1983 for violations of Plaintiffs' rights under the Eighth and Fourteenth Amendments and (2) state law.[2]  With respect

---

[2] Plaintiff specifically states that Defendants are liable "under State Law of Tort of Alabama."  Liberally construing the *pro se* complaint, the Court understands that, at this point, Plaintiff is seeking relief under Missouri law with respect to his state law claims because Plaintiff does not allege any connection between Alabama and any conduct at issue in the complaint or any litigant in the case, and the challenged conduct allegedly occurred in Missouri, where the Home is located and this Court sits.

4

to his "state law claims," Plaintiff seeks relief for claims he characterizes as: childhood sexual abuse and battery (Count I), a violation of 20 U.S.C. § 1681 (Count II), a breach of fiduciary/confidential relationship duty (Count III), fiduciary fraud and conspiracy (Count IV), the intentional infliction of emotional distress (Count V), "[n]egligent ([s]upervision, [r]etention and [f]ailure to [w]arn)" (Count VI); fraud (Count VII), constituting vicarious liability (Count VIII), intentional failure to supervise clergy (Count IX), and aiding and abetting (Count X). Pl.'s compl. para 4 [ECF No. 1]. Plaintiff alleges the Court has jurisdiction over his federal constitutional claims under Section 42 U.S.C. § 1983 and over his state law tort claims under 28 U.S.C. § 1367, which provides for supplemental jurisdiction.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). A federal court has the duty to determine its jurisdiction and to raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). As noted earlier, if it concludes it lacks subject matter jurisdiction, a district court must dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3).

"Subject matter jurisdiction refers to [a] court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1985). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by [federal] Constitution and statute" (internal quotation marks and citation omitted)). The presence of subject matter

jurisdiction is "a threshold requirement that must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases").

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has "directed that district courts shall have jurisdiction in both" federal question and diversity cases). The party seeking to invoke a federal court's subject matter jurisdiction carries the burden of establishing such jurisdiction. *See Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013) (addressing subject matter jurisdiction over a claim under the Federal Tort Claims Act); *Hatridge v. AETNA Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (addressing subject matter jurisdiction based on the amount in controversy requirement for diversity jurisdiction). "What is required to invoke federal-court jurisdiction depends on whether it is the plaintiff or the defendant who wants to invoke it." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992). When a plaintiff files a case in federal court subject matter exists if the plaintiff's claims arise under federal law, 28 U.S.C. § 1331, or the plaintiff pursues a state cause of action against a citizen of a state other than the state in which the plaintiff is a citizen, 28 U.S.C. § 1332. *Hurt*, 963 F.2d at 1144.

As explained below, neither federal question nor diversity jurisdiction is apparent on the face of Plaintiff's complaint. Thus, the Court will give *pro se* Plaintiff an opportunity to show cause why this action should not be dismissed for lack of jurisdiction.

**A. Federal Question Jurisdiction**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (citing 28 U.S.C. § 1331). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (internal quotation marks and citation omitted).

In his complaint, Plaintiff asserts that the Court has federal question jurisdiction based on 42 U.S.C. § 1983. However, Section 1983 does not reach "merely private conduct, no matter how discriminatory or wrongful." *Doe v. Washington Univ.*, 4:19CV300 (JMB), 2020 WL 35387, at *5 (E.D. Mo. Jan. 21, 2020) (internal quotation marks and citation omitted) (addressing a student's § 1983 claim arising out of a private university's conduct in response to another student's Title IX

7

complaint that the plaintiff student sexually assaulted the other student, and concluding the university's conduct did not constitute state action for a § 1983 claim). Rather, Section 1983 provides a cause of action only when a state actor deprives a person of any rights, privileges, or immunities secured by the Constitution and federal laws. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that, pursuant to § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) *acted under color of state law*, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right") (emphasis added)). Plaintiff does not allege any facts, much less sufficient facts, to show that any of the named Defendants acted under color of state law or otherwise was a state actor with respect to the conduct challenged by Plaintiff. Thus, 42 U.S.C. § 1983 does not support the existence of federal question jurisdiction in this case.

Plaintiff identifies as the basis of Count II in his complaint: "20 U.S.C. § 1681." Liberally construing Plaintiff's *pro se* complaint, the Court considers whether that federal statute, Section 901 of Title IX of the Education Amendments of 1972 ("Title IX"), may support federal question jurisdiction based on the allegations in the complaint. Title IX provides in relevant part that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The Supreme Court recognizes a private right of action for monetary relief under this statute. *See Franklin v. Gwinnett Cty. Pub. Sch.,* 503 U.S. 60, 76 (1992) (finding damages available in a private right of action under Title IX filed by a student alleging sexual harassment and abuse by a high school teacher-coach); *Cannon v. University of Chicago,* 441 U.S. 677, 717 (1979) (recognizing a private right of action implied in Title IX). As the Supreme Court has explained,

8

> Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a), which may include nonpublic institutions, § 1681(c), but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals, see, e.g., *Hartley v. Parnell,* 193 F.3d 1263, 1270 (C.A.11 1999).

*Fitzgerald v. Barnstable Sch. Comm.,* 555 U.S. 246, 257 (2009).  In light of these principles, Plaintiff is unable to pursue any Title IX claim against the individuals named as Defendants in this case but may be able to pursue a Title IX claim against the entity Defendants:  the Archdiocese and Catholic Services for Children.[3]

Importantly, however, "liability [under Title IX] lies only where the plaintiff is 'subjected to discrimination *under any education program or activity* receiving Federal financial assistance." *K.T. v. Culver-Stockton College*, 865 F.3d 1054, 1059 (8th Cir. 2017) (emphasis in original).  As the Eighth Circuit has acknowledged, a "private Christian school" may be "subject to Title IX's prohibition against sex-based discrimination" when it "receives federal financial assistance." *Id.* at 1056 n.2.  For purposes of Title IX, however, no allegation in Plaintiff's complaint states or implies that the Home (or either entity Defendant): (1) constitutes an "education program or activity" or, (2) as an education program or activity, received Federal financial assistance.  Thus, 20 U.S.C. § 1681 does not support the existence of federal question jurisdiction in this case.

Finally, nothing in Plaintiff's allegations supports the existence of federal question jurisdiction due to the presence of a "state-law claim necessarily rais[ing] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.  *Grable & Sons*

---

[3] While a plaintiff may not base a defendant's liability for damages in a private cause of action under Title IX on a theory of constructive notice or *respondeat superior*, a single official with authority to take corrective action to end the alleged discrimination for the Title IX defendant may subject the defendant to liability if, after having actual notice of the alleged discrimination, the official responds with deliberate indifference. *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 285-90, 292-93 (1998) (addressing a student's Title IX claim seeking relief for a teacher's alleged sexual harassment).

*Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)." *Great Lakes Gas Transmission Ltd. P'ship*, 843 F.3d at 331. Therefore, Plaintiff's state law claims also do not support federal question jurisdiction.

Because Plaintiff's claims do not arise under the Constitution, laws, or treaties of the United States, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), district courts "have original jurisdiction of all civil actions [presenting state law claims] where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different states." Because a liberal construction of Plaintiff's state law claims may support diversity jurisdiction, the Court considers such jurisdiction despite Plaintiff's failure to mention it in his *pro se* complaint. Here, Plaintiff's requests for monetary relief satisfy the amount-in-controversy requirement for diversity jurisdiction. The issue is whether the diversity-of-citizenship requirement is satisfied.

For diversity jurisdiction, complete diversity of citizenship is required and "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). A person's domicile is "not necessarily synonymous with" the person's residence and "one can reside in one place but be domiciled in another." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) (addressing the domicile of a member of the armed services). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Id.* at 1085 (internal quotation marks and citation omitted).

"With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones*, 552 F.2d at 250. Thus, the relevant inquiry in this case for determining Plaintiff's state of citizenship is in what state was he domiciled prior to his incarceration in Greenville, Illinois.

While Plaintiff does not explicitly allege the state(s) of citizenship of each Defendant, liberally construing Plaintiff's allegations the Court finds for purposes of this Order that Plaintiff alleges Defendants are domiciled in Missouri.[4] Pl's compl. at 2 [ECF No. 1]. Plaintiff does not, however, state the location of his own domicile or provide allegations from which the Court may ascertain his domicile. Due to Plaintiff's failure to include allegations establishing his domicile, the Court is unable to conclude complete diversity exists between Plaintiff and each Defendant. Accordingly, this Court's diversity jurisdiction over this lawsuit is not established.

### C. Supplemental Jurisdiction

With respect to a federal court's supplemental jurisdiction, 28 U.S.C. § 1367(a) provides in relevant part that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related

---

[4] Plaintiff's identification of each Defendant includes the same address in St. Louis, Missouri for each Defendant. Pl.'s compl. at 2. The provision of an address for a defendant in and of itself does not demonstrate in what state each Defendant is a citizen. The use of "residence" rather than place of citizenship to plead diversity jurisdiction is improper. *See Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998). As discussed in the text, an individual's state of citizenship is based on the individual's domicile, rather than the individual's residence; and an artificial entity's states of citizenship depend on what type of entity it is. For purposes of diversity jurisdiction, a corporate entity is a citizen of the state in which the corporation is incorporated as well as the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A "district court's 'diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members.'" *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004); *accord Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) (applying the same principle to a real estate investment trust allowed by state law to sue or be sued in its organizational name). Therefore, for diversity jurisdiction purposes, the citizenship of a limited partnership is based on the citizenship of each of its general and limited partners, *Carden*, 494 U.S. at 195-96, and "an LLC's citizenship is that of its members," *GMAC Commercial Credit LLC*, 357 F.3d at 829.

> to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Importantly, however,

> before a district court asks whether it can exercise supplemental jurisdiction over some claims in an action, it must first determine that it has original jurisdiction over the civil action within the meaning of § 1367(a); in other words, it must have original jurisdiction over at least one claim in the complaint.

*Myers v. Richland Cty.*, 429 F.3d 740, 748 (8th Cir. 2005).  Because it is not clear at this stage of the proceeding that this Court has original jurisdiction over any of Plaintiff's claims, the Court need not now ascertain whether it has supplemental jurisdiction.

## Conclusion

Because Plaintiff has provided insufficient information for the Court to determine his domicile (and each Defendant's state(s) of citizenship) for diversity jurisdiction, and because he has not satisfactorily alleged any federal claim supporting federal question jurisdiction, the Court will provide *pro se* Plaintiff an opportunity to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion requesting permission to proceed anonymously as "John Doe J.P." [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $35.41 within thirty (30) days after the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FINALLY ORDERED** that Plaintiff shall show cause no later than thirty (30) days after the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

                                                                               _____
                                                                               PATRICIA L. COHEN
                                                                               UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of May, 2020