UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-331 PLC |
| | ) | |
| ROMAN CATHOLIC ARCHDIOCESE OF | ) | |
| ST. LOUIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff John Doe's motion for leave to file an amended

complaint.  [ECF No. 53]  Defendants Archdiocese of St. Louis, Archbishop Robert Carlson,[1] and

Sandra Price oppose the motion.  [ECF No. 54]  For the reasons stated below, the Court grants

Plaintiff's motion.

I.      Background

Plaintiff, an inmate at Greenville Correctional Facility in Greenville, Illinois, filed his

original complaint pro se on February 28, 2020 against Defendants Archdiocese of St. Louis,

"Catholic Services for Children,"[2] Archbishop Carlson, Archbishop Raymond Burke, Sandra

Price, "Sister Mary Francis," and Father Anderson.  [ECF No. 1]  Plaintiff alleged that Defendants

were liable under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Eighth

Amendments, as well as state law claims he characterized as:  childhood abuse and battery (Count

---

[1] In his complaint, Plaintiff spelled this Defendant's last name "Carleson."  This Defendant points
out the correct spelling of his last name is "Carlson."  [See ECF No. 33 n.1]
[2] In its motion to dismiss, Defendant Archdiocese states "there is no organization affiliated with
the Archdiocese of St. Louis currently or formerly known as Catholic Services for Children[.]"
[ECF No. 35 n.1]

I), violation of 20 U.S.C. § 1681 (Count II),  breach of fiduciary/confidential relationship duty (Count III), fiduciary fraud and conspiracy (Count IV), intentional infliction of emotional distress (Count V), "[n]egligent ([s]upervision, [r]etention and [f]ailure to [w]arn" (Count VI), fraud (Count VII), vicarious liability (Count VIII), intentional failure to supervise clergy (Count IX), and aiding and abetting (Count X).

In the complaint, Plaintiff alleged the following facts:   "[I]n [his] minor years," Plaintiff resided at St. Joseph's Home for Boys, which "was run by the Catholic Services for Children and Youth" and employed Fr. Anderson.  [Id. at ¶¶ 7, 9]  Fr. Anderson regularly visited Plaintiff and other boys in their dorm room at night and fondled them in their beds.  [Id. at ¶¶ 14-16]  The abuse escalated, and Fr. Anderson began selecting individual boys, including Plaintiff, to "come down to his den" alone or in pairs, where Fr. Anderson forced them to engage in sexual activities.  [Id. at ¶¶ 17-18]   The sexual abuse suffered by Plaintiff "included forced fellatio, sodomy, masturbation and fondling."  [Id. at ¶ 11]  When Plaintiff informed Sr. Mary about the abuse, she warned him "that unless he wants more trouble to not tell no one [sic] that again."  [Id. at ¶ 24]

After leaving St. Joseph's Home for Boys, Plaintiff told his godmother about the abuse, and she and Plaintiff wrote letters to the Archdiocese reporting Fr. Anderson's actions.  [Id. at ¶¶ 32-34]  Plaintiff subsequently "blocked or repressed" his memories of the abuse.  [Id. at ¶ 53]  Plaintiff also alleged that, at some unspecified time, Defendant Price "sent" investigators for the Archdiocese to the home of his ninety-two-year-old godmother to obtain information and documents using "shady tactics."  [ECF No. 1 at ¶¶ 35-37]

On May 15, 2020, the Court ordered Plaintiff to show cause why his action should not be dismissed for lack of subject matter jurisdiction.  [ECF No. 7]  Plaintiff filed a response pro se asserting that "[D]efendant(s) at the time relevant to this complaint w[ere] contracted and

employed by the State of Missouri Department of Family Services to care for children" and were "receiving Federal assistance as St. Joseph['s] Home for Boys." [ECF No. 8] Liberally construing Plaintiff's claims, as required, the Court found that Plaintiff's assertions were sufficient for purposes of permitting the Court to exercise federal question jurisdiction over Plaintiff's claims based on federal law and supplemental jurisdiction over Plaintiff's related state law claims. [ECF No. 9]

On August 14, 2020, Defendants Archdiocese, Carlson, and Price moved to dismiss Plaintiff's cause of action for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3]  [ECF Nos. 31, 33, 35] Additionally, Defendants Burke and Anderson moved to quash service of process and dismiss Plaintiff's complaint pursuant to Rules 4(m) and 12(b)(5). [ECF Nos. 36 & 38]

On August 24, 2020, before the deadline for filing opposition to the motions expired, see Local Rule 4.01(B), Plaintiff's counsel sought pro hac vice status to represent Plaintiff. [ECF No. 41] On September 14, 2020, Plaintiff's counsel submitted the required material to support her request to appear pro hac vice, and the Court granted the request the following day. [ECF Nos. 44 & 45] Two days later, the Court ordered Plaintiff to respond to the pending motions to dismiss by October 1, 2020. [ECF No. 46] Plaintiff subsequently requested a seven-day extension of time to respond to the motions to dismiss, which the Court granted over the objection of Defendants Archdiocese, Carlson, and Price. [ECF Nos. 47-49]

---

[3] In footnotes, those three Defendants also moved the Court, pursuant to Rules 4(m) and 12(b)(5), to quash service of process on and dismiss Plaintiff's claims against Defendants:  "Catholic Services for Children," because "there is no organization affiliated with the Archdiocese of St. Louis currently or formerly" with that name; and "Sister Mary Francis," because no one by that name "was ever 'the director' of St. Joseph's Home for Boys" or "worked or resided at" the location where Defendants were served with process.  [ECF No. 31 at 1 n. 1, 33 at 1 n. 1, 35 at 1, n.1.]

On October 9, 2020, Plaintiff filed the instant motion for leave to amend the complaint [ECF No. 53], as well as a:  memorandum in opposition to Fr. Anderson's motion to quash service [ECF No. 50]; motion for extension of time to respond to the motions to dismiss [ECF No. 51]; and motion for extension of time to correct service of process on Defendants Anderson and Price.[4] [ECF No. 52]  Defendants Archdiocese, Carlson, and Price (hereinafter, "Defendants") oppose Plaintiff's  motion for leave to file an amended complaint on the grounds that the amendment is prejudicial and futile.  [ECF No. 54]  Defendants also oppose Plaintiff's two motions for extension of time.  [Id.]  The Court addresses only Plaintiff's motion to amend the complaint because granting it renders moot all motions pertaining to the original complaint.[5]  See e.g., Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002); see also Barnes v. United States, No. 04-1415, 111 Fed. Appx. 441, 443 (8th Cir. Aug. 27, 2004) (unpublished per curiam) (concluding, in the alternative, that the district court did not err in finding certain defendants had been dismissed from the suit by virtue of the plaintiff's failure to name them in the amended complaint); National Fed'n of the Blind of Mo. v. Cross, 184 F.3d 973, 978 (8th Cir. 1999) (noting the amended complaint "eliminated" a defendant); Morton v. City of Little Rock, 934 F.2d 180, 182 (8th Cir. 1991) (noting the plaintiff filed an amended complaint "dropping" two defendants, retaining two defendants, and adding one); Johnson v. Law Offices of Jeffrey Lohman, 4:19-cv-

---

[4] Price does not contest service of process.  [See ECF No. 54 at ¶ 9]

[5] "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."  In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005).  See also Thomas v. United Steelworkers Loc. 1938, 743 F.3d 1134, 1139 (8th Cir. 2014).  "As a result, pending motions pertaining to the previous complaint should be denied as moot, without prejudice to the filing of motions concerning the [subsequently filed] amended complaint."  Id. (citing Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) (motion to dismiss original complaint is moot by filing of amended complaint)).  See also Phoenix Ent. Partners, LLC v. Ryco Enters., LLC, 306 F. Supp. 3d 1121, 1123 n.1 (E.D. Mo. 2018) (resolving a motion to dismiss the first amended complaint after denying as moot a motion to dismiss the initial complaint).

00457-AGF, 2020 WL 3077115, at *2 E.D. Mo. June 10, 2020) (noting the plaintiff filed an amended complaint "which dropped" a defendant and named two others); Carlson v. Educ. Credit Mgmt. Corp. Shared Servs. Co., LLC, No. 19-cv-2699 (DWF/TNL), 2020 WL 6305935, at *3 (D. Minn. Oct. 28, 2020) (concluding a defendant "not named as a defendant [in the amended complaint but who was named in the original complaint was] *no longer a party to th[e] litigation*" (emphasis in original)); Eastern Mo. Laborers Dist. Council v. Surecut Lawncare, LLC, 4:17-CV-1234 CAS, 2018 WL 3105415, at *1 n.1 (E.D. Mo. June 25, 2018) (noting the plaintiff "dropped" a defendant upon filing an amended complaint); Blount v. Major, 4:15 CV 322 DDN, 2016 WL 2937333, at *1 n.1 (E.D. Mo. May 20, 2016) (noting "[s]everal defendants were dropped by [the] plaintiff's first amended complaint"); Bonhomme Inv. Partners, LLC v. Hayes, No. 4:13CV475 CDP, 2015 WL 2383475, at 2 (E.D. Mo. May 19, 2015) (noting the plaintiffs "dropped" a defendant in an amended complaint).

## II.    Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course within twenty-one days after serving the pleading, or, in all other cases, with written consent of the opposing party or by leave of court.  Fed. R. Civ. P. 15(a).  Whether to grant a motion for leave to amend is "left to the sound discretion of the district court."  Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 394 (8th Cir. 2016) (quotation marks and citation omitted).  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this liberal standard, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Reuter v. Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (citation

and internal quotations omitted).  Importantly, "parties should usually be given at least one chance to amend their complaint."  <u>Wisdom v. First Midwest Bank of Poplar Bluff</u>, 167 F.3d 402, 409 (8th Cir. 1999).

## III.    Discussion

In his motion to file an amended complaint, Plaintiff seeks leave to "correct the [pro se] complaint, bring it in conformance with the Federal Rules of Civil Procedure and … adduce additional facts."  [ECF No. 53]  Defendants object on the grounds that the  amendment would be prejudicial and futile.  [ECF No. 54]

Plaintiff attaches the proposed amended complaint to his motion for leave to amend.  [ECF No. 53-1]  As an initial matter, the Court notes that the proposed amended complaint lacks a caption identifying the parties Plaintiff intends to sue.  <u>See</u> Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  Moreover, the section in the proposed amended complaint entitled "Parties" references numerous individuals and entities, without clearly identifying which of those individuals and/or entities are defendants to this action.  [<u>See</u> ECF No. 53-1 at ¶¶ 10, 12-13]

A plaintiff must identify and present factual allegations against each named defendant so that each defendant will receive notice of what he or she is accused of doing or failing to do.  <u>See</u> <u>Topchian v. JPMorgan Chase Bank, N.A.</u>, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"); <u>Johnson v. Nat'l Credit Mgt.</u>, No. 4:19-CV-02573 PLC, 2020 WL 376321, at *3 (E.D. Mo. Jan. 23, 2020) ("Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.").  Unlike the original complaint, the proposed amended complaint contains no reference to Price and, while the names "Catholic

Services for Children and Youth" and Archbishops Burke and Carlson appear in the "Parties" section, Plaintiff presents no factual allegations against these parties.  The Court therefore considers Plaintiff's claims in the initial complaint against Price, Carlson, Burke, and Catholic Services for Children abandoned.  See e.g., Barnes, 111 Fed. Appx. at 443 (concluding, in the alternative, that the district court did not err in finding certain defendants had been dismissed from the suit by virtue of the plaintiff's failure to name them in the amended complaint); National Fed'n of the Blind of Mo., 184 F.3d at 978 (noting the amended complaint "eliminated" a defendant); Morton, 934 F.2d at 182 (noting the plaintiff filed an amended complaint "dropping" two defendants, retaining two defendants, and adding one); Carlson, 2020 WL 6305935, at *3 (concluding a defendant "not named as a defendant [in the amended complaint but who was named in the original complaint was] *no longer a party to th[e] litigation*" (emphasis in original)).

Based on the proposed amended complaint's statement of claims and the factual allegations in support thereof, the remaining Defendants are:  the Archdiocese, Fr. Anderson, and Sr. Mary Frances.[6]  To the extent Plaintiff purports to add as a defendant the Sisters of St. Joseph of Carondelet, Plaintiff does not include that party in the caption, as required by Fed. R. Civ. P. 10(a), or clearly name the entity as a defendant in the "Parties" section of the proposed amended complaint.[7]  A court is not required to consider possible claims against persons or entities that are not named as defendants and listed in the caption of a complaint.  See Jones v. Pollard-Buckingham, 348 F.3d 1072, 1073 (8th Cir. 2003) ("To the extent the complaint

---

[6] Whereas the original complaint named Sister Mary Francis, the proposed amended complaint identifies Sister Mary Frances in the "Parties" section and Counts IV and VIII.  Therefore, Plaintiff's claims in the initial complaint against Sister Mary Francis are also abandoned.

[7] Plaintiff mentions "Sisters of St. Joseph's of Carondelet" in the "Parties" section of the proposed amended complaint only in the context of stating: (1) Sister Mary Frances "is or was a nun" with the Sisters of St. Joseph's of Carondelet and (2) an address for the Sisters of St. Joseph's of Carondelet.

contains allegations against individuals not named as defendants, the district court may refuse to allow [the plaintiff] to proceed against those individuals ....").

The proposed amended complaint alleges similar facts and claims as the original complaint. Specifically, the proposed amended complaint alleges:  battery, against all defendants (Count 1); intentional failure to supervise clergy, against the Archdiocese (Count 2); intentional failure to supervise clergy, against the Archdiocese and the Society of Sisters of St. Joseph of Carondelet (Count 3); breach of special relationship/duty, against all defendants (Count 4); fraud and conspiracy to commit fraud, against all defendants (Count 5);[8] constructive fraud, against all defendants (Count 6);[9] intentional infliction of emotional distress, against the Archdiocese, "Sisters," and Mary Frances (Count 7); intentional infliction of emotional distress, against Fr. Anderson (Count 8); negligence, against all defendants (Count 9); violation of 42 U.S.C. § 1983, against all defendants (Count 10); and violation of 20 U.S.C. § 1681(a), against all defendants[10] (Count 11).

---

[8] In the facts supporting Counts IV and V, Plaintiff references "Sisters" and "Nun." [ECF No. 53-1 at ¶¶ 74, 83]  The proposed amended complaint does not define those terms.

[9]  In numbering his claims in the proposed amended complaint, Plaintiff did not use "6" but listed his claim following "Count 5" as "Count 7" and included three Counts identified with the number "10."  The Court has changed the numbers for the listing of claims in the proposed amended complaint so that:  "Count 7" in the proposed amended complaint is referred to as "Count 6"; "Count 8" in the proposed amended complaint is referred to as "Count 7"; "Count 9" in the proposed amended complaint is referred to as "Count 8"; the first "Count 10" in the proposed amended complaint is referred to as "Count 9"; the second "Count 10" in the proposed amended complaint is referred to as "Count 10"; and the third "Count 10" in the proposed amended complaint is referred to as "Count 11."

[10] As previously stated in the Court's memorandum and order of May 15, 2020, Section 901 of Title IX of the Education Amendments of 1972 ("Title IX") has "consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals[.]"  [ECF No. 7 (quoting Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257 (2009)).  In light of these principles, Plaintiff is unable to pursue his Title IX claim except against an entity defendant.

Defendants argue that granting Plaintiff leave to amend the complaint "more than seven months after initiating this lawsuit," would prejudice Defendants "as it would lengthen the circuitous history of this case and force them to continue expending time and resources defending claims that have no merit."  [ECF No. 54 at ¶¶ 7, 11]  As the party opposing the amendment, Defendants have "the burden of demonstrating the amendment would be unfairly prejudicial."  SL EC, LLC v. Ashley Energy, LLC, No. 4:18-CV-1377 JAR, 2019 WL 1452933, at *2 (E.D. Mo. Apr. 2, 2019) (quoting Nadist, LLC v. Doe Run Res. Corp., No. 4:06-CV-969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009)).  See also Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001)).  Importantly, "[d]elay alone is not a reason in and of itself to deny leave to amend[.]"  Roberson, 241 F.3d at 995.  See also Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981).

Although Plaintiff filed his pro se complaint in February 2020, the Court has not yet entered a case management order, as not all parties have been served and either filed an answer or been found in default.  Therefore, amendment would not change the trial schedule.  Furthermore, as discovery has not yet begun and no depositions have taken place, amending the complaint would require no additional discovery by any party.  Granting Plaintiff leave to amend his complaint so early in the proceedings will not cause Defendants undue prejudice.  See, e.g., Roberson, 241 F.3d at 996; SL EC, LLC, 2019 WL 1452933, at *2; Henry v. J & M Sec., LLC, No. 4:15-CV-01078 ERW, 2015 WL 7737299, at *2 (E.D. Mo. Dec. 1, 2015).

Defendants also urge the Court to deny Plaintiff leave to amend the complaint on the ground that the amendment would be futile because Plaintiff's claims are time-barred.  "A district court's denial of leave to amend a complaint may be justified if the amendment would be futile."  Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (quoting Geier v.

Mo. Ethics Comm'n, 715 F.3d 674, 678 (8th Cir. 2013)).  "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'"  Id. (quoting Silva v. Metro. Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014)).  "Thus, when a district court denies leave to amend on the basis of futility, it 'has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6).'"  Jackson v. Open Sky Educ., No. 4:20-CV-470 RLW, 2020 WL 5642292, at *2 (E.D. Mo. Sept. 22, 2020) (quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778 781-82 (8th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Silva, 762 F.3d at 719-20 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  When considering a Rule 12(b)(6) motion based on the running of a statute of limitations, a court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred.  Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018); Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011).

Defendants assert that the statutes of limitations on Plaintiff's claims have run because Plaintiff's "alleged injuries were … capable of ascertainment at the time of the alleged abusive conduct[.]"[11]  [ECF No. 54]  In Missouri, a civil "cause of action shall not be deemed to accrue

---

[11]  Neither party sets forth the applicable statutes of limitations in this case.  In Missouri, the statute of limitations for an assault and battery claim is two years, Mo. Rev. Stat. § 516.140, and the statute of limitations for other personal injury actions is five years, Mo. Rev. Stat. § 516.120(4).  The Missouri fraud statute of limitations is a five-year statute, which provides a maximum of ten years for discovery of fraud and filing of suit within five years after the discovery.  Mo. Rev. Stat. § 516.120(5).  The Missouri statutes provide, however, that if any of these causes of action accrue before the plaintiff reaches the age of twenty-one, the statute of limitations is automatically tolled until the plaintiff turns twenty-one.  Mo. Rev. Stat. § 516.170.  See also Walker v. Barrett, 650

when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment…."  Mo. Rev. Stat. § 516.100. See also Walker v. Barrett, 650 F.3d 1198, 1204 (8th Cir. 2011); Powel v. Chaminade Coll. Preparatory, Inc., 197 S.W.3d 576, 580 (Mo. banc 2006).  The Missouri Supreme Court has defined "capable of ascertainment" to mean "the evidence [is] such to place a reasonably prudent person on notice of a potentially actionable injury."  Levitt v. Merck & Co., Inc., 914 F.3d 1169, 1171–72 (8th Cir. 2019) (quoting Powel, 197 S.W.3d at 582 (emphasis removed)).   "Except in cases of repressed memory, damages are usually ascertainable at the time of the tortious conduct, which normally is sufficient to place a reasonably prudent person on notice of a potentially actionable injury."  State ex rel. Heart of Am. Council v. McKenzie, 484 S.W.3d 320, 324 (Mo. banc 2016) (quotation omitted).

Plaintiff's proposed amended complaint does not specify the dates on which the alleged abuse occurred or his age at the time of the events, stating only that "he was a child [when] he came to reside at St. Joseph's."  [ECF No. 53-1 at ¶ 16]  However, according to Plaintiff's motion for compassionate release to the United States District Court for the Southern District of Illinois, he was forty-five years old in July 2020.  United States v. Parmeley, Case No. 3:15-CR-30157-

---

F.3d 1198, 1024 (8th Cir. 2011) (citing Mo. Rev. Stat. § 516.170). Missouri's assault and battery/sexual abuse of a child is governed by a special statute, which provides:

> Any action to recover damages from injury or illness caused by childhood sexual abuse in an action brought pursuant to this section shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs.

Mo. Rev. Stat. 537.046.2.  See also McCormick v. Johnston, No. 4:09-CV-140 CEJ, 2012 WL 4793992, at *4 (E.D. Mo. Oct. 9, 2012).  Additionally, Missouri's five-year statute of limitations applies to Plaintiff's claims under 42 U.S.C. § 1983 and 20 U.S.C. § 1681.  Walker, 650 F.3d at 1205.

SMY-1, Doc No. 629.[12]  As such, it appears the alleged abuse occurred at least twenty-seven years before Plaintiff filed the instant action, which would render Plaintiff's claims barred by any applicable statute of limitations.

Plaintiff alleges, however, that after he reported Defendant Anderson's actions to Sr. Mary and "the Archbishop," he "repressed all memor[ies] of the abuse and did not recall them again until his sentencing in approximately 2016."  [ECF No. 53-1 at ¶ 26]  Plaintiff's allegations therefore suggest that the statutes of limitation were tolled due to repressed memory.  Based on the factual allegations in Plaintiff's proposed amended complaint and viewing those allegations in the light most favorable to Plaintiff, the allegations state plausible claims for relief that are not clearly time-barred.  See, e.g., Chole v. Boston Sci. Corp., No. 4:19-CV-2976 JAR, 2020 WL 1853266, at *3 (E.D. Mo. Apr. 13, 2020) (denying motion to dismiss because "it is not clear that Plaintiff's claims are barred by the statute of limitations"); Garrett v. Cassity, No. 4:09-CV-1252 ERW, 2010 WL 2540748, at *5 (E.D. Mo. June 17, 2010) ("[T]he absence of sufficient facts to determine whether Plaintiffs' claims are time-barred means that [the defendants'] Motions to Dismiss must be denied on this point.").

---

[12] "Analysis under Rules 15 and 12(b)(6) generally requires a court not consider matters outside the pleadings to determine whether leave to amend should be given." Advance Trust & Life Escrow Servs., LTA v. ReliaStar Life Ins. Co., No. 18-CV-2863 DWF/ECW, 2020 WL 5229677, at *4 (D. Minn. Sep. 2, 2020).  See also Arias v. Am. Fam. Mut. Ins. Co., No. CV 13-1681 (PJS/JJG), 2013 WL 12145854, at *2 (D. Minn. Oct. 28, 2013) (citing Casazza v. Kiser, 313 F.3d 414, 417 (8th Cir. 2002)).  Courts may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011) (citation omitted) (internal quotation marks omitted) (reviewing the district court's ruling on a motion to dismiss).  The Court considers Plaintiff's age, as stated in his motion for compassionate release, which is a federal court record.  See, e.g., Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) ("In Missouri, as in other states, court records are public records.").  The motion for compassionate release is also available in this record, although sealed, because Defendants attached a copy of it to their motions to dismiss.

Although Defendants may assert valid defenses to Plaintiff's claims, the Court does not find at this time that the proposed amended complaint is futile due to the expiration of statutes of limitations.  Therefore, in the interests of justice, the Court grants Plaintiff's motion to file a first amended complaint.

**IV.     Conclusion**

Because leave to amend is to be freely given and would be just in this instance,

**IT IS HEREBY ORDERED** that Plaintiff's motion to file a first amended complaint [ECF No. 53] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Price's motion to dismiss [ECF No. 31], Defendant Carlson's motion to dismiss [ECF No. 33], and Defendant Burke's motion to quash [ECF No. 36] are **DENIED** without prejudice as moot because Plaintiff abandoned his claims against these defendants in the first amended complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to **DISMISS** from this action Defendants Price, Carlson, Burke, and Catholic Services for Children as claims are not asserted against them in the amended complaint.

**IT IS FINALLY ORDERED** that Defendant Archdiocese's motion to dismiss [ECF No. 35], Defendant Anderson's motion to quash [ECF No. 38], Plaintiff's third motion for extension of time to respond to motions to dismiss [ECF No. 51], and Plaintiff's motion for extension of time to serve Defendants Anderson and Price [ECF No. 52] are **DENIED** without prejudice as moot because they pertain to the original complaint.

_Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of December, 2020