UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-331 PLC |
| | ) |
| ROMAN CATHOLIC ARCHDIOCESE | ) |
| OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the record and on a motion to dismiss, with supporting memorandum, filed by Defendant Roman Catholic Archdiocese of St. Louis ("Archdiocese") [ECF Nos. 59 and 60, respectively] and a motion to quash service of process and motion to dismiss, with supporting memorandum, filed by Defendant Father Anderson [ECF Nos. 61 and 62].

**I.  Background**

This action arises from Plaintiff John Doe's claims that, during his "minor years," Plaintiff suffered sexual abuse by Father Anderson during his residency at St. Joseph's Home for Boys ("St. Joseph's"), which "was run by the Catholic Services for Children and Youth for the Archbishop of St. Louis, Missouri" [ECF No. 1 at ¶¶ 7, 9].  Plaintiff alleged that he and his godmother informed the Archdiocese of the abuse, but the Archdiocese "did not do anything to help Plaintiff" and "failed to act to protect [Plaintiff] and [the] other children" [Id. at ¶¶ 32, 34, 38].

Plaintiff, who was proceeding pro se at the time[1] filed his original complaint against

---

[1] An attorney subsequently entered an appearance for Plaintiff.

seven Defendants: the Archdiocese, Catholic Services for Children, Archbishop R. J. Carleson, Archbishop Raymond Burke, Sandra Price, Sister Mary Francis, and Father Anderson.  Plaintiff alleged Defendants were liable: (1) under 42 U.S.C. § 1983 for violating his rights under the Eighth and Fourteenth Amendments and under 20 U.S.C. § 1681 ("Title IX") (Count II), as well as (2) under state law based on claims he characterized as: childhood sexual abuse and battery (Count I), breach of fiduciary/confidential relationship duty (Count III), fiduciary fraud and conspiracy (Count IV), intentional infliction of emotional distress (Count V), "[n]egligent ([s]upervision, [r]etention and [f]ailure to [w]arn" (Count VI), fraud (Count VII), vicarious liability (Count VIII), intentional failure to supervise clergy (Count IX), and aiding and abetting (Count X).

On initial review of the original complaint, the Court concluded, in relevant part, that Plaintiff could not pursue his Title IX claim against any person named as a defendant but only an entity named a defendant.  Memorandum and Order at 9, filed May 15, 2020 [ECF No. 7]. The Court also ordered Plaintiff to show cause why his action should not be dismissed for lack of subject matter jurisdiction.  Id.  Plaintiff filed a response asserting that "[D]efendant(s) at the time relevant to this complaint w[ere] contracted and employed by the State of Missouri Department of Family Services to care for children" and were "receiving Federal assistance as St. Joseph['s] Home for Boys" [ECF No. 8].  Liberally construing Plaintiff's pro se claims, as required, the Court found that Plaintiff's assertions were sufficient for purposes of permitting the Court to exercise federal question jurisdiction over Plaintiff's claims based on federal law and supplemental jurisdiction over Plaintiff's related state law claims.  Order, filed July 8, 2020 [ECF No. 9].

After several Defendants, including Defendant Archdiocese and Defendant Anderson, filed motions to dismiss in response to the original complaint, Plaintiff filed, among other

2

things, a motion to file an amended complaint, specifically asking for leave to file an amended complaint within ten days [ECF No. 53]. Plaintiff provided a proposed amended complaint with his motion naming as Defendants the Archdiocese and Father Anderson, among others [ECF No. 53-1]. In the proposed amended complaint, Plaintiff presented the following claims: battery against all Defendants (Count 1); intentional failure to supervise clergy against Defendant Archdiocese (Counts 2 and 3); breach of special relationship/duty against all Defendants (Count 4); fraud and conspiracy to commit fraud against all Defendants (Count 5); constructive fraud against all Defendants (Count 6);[2] intentional infliction of emotional distress against Defendant Archdiocese, Defendant Anderson, and two other Defendants (Counts 7 and 8); negligence against all Defendants (Count 9); violation of 42 U.S.C. § 1983 against all Defendants (Count 10); and violation of 20 U.S.C. § 1681(a) against all Defendants (Count 11). The Archdiocese opposed the motion to amend the complaint [ECF No. 54].

In its December 8, 2020 memorandum and order [ECF No. 58], the Court rejected the Archdiocese's challenges to the amendment of the complaint on the grounds of prejudice and futility, and granted Plaintiff leave to file an amended complaint, with certain clarifications of Plaintiff's claims required by the Court. [Id.] In particular, the Court considered "Plaintiff's claims in the initial complaint against Price, Carlson, Burke, and Catholic Services for Children abandoned"; and found the Court was not required to consider as a Defendant "the Sisters of St. Joseph of Carondelet" because that entity was not named in the caption or clearly named in the

---

[2] In numbering his claims in the proposed amended complaint, Plaintiff did not use "6" but listed his claim following "Count 5" as "Count 7" and included three Counts identified with the number "10." The Court has changed the numbers for the listing of claims in the proposed amended complaint so that: "Count 7" in the proposed amended complaint is referred to as "Count 6"; "Count 8" in the proposed amended complaint is referred to as "Count 7"; "Count 9" in the proposed amended complaint is referred to as "Count 8"; the first "Count 10" in the proposed amended complaint is referred to as "Count 9"; the second "Count 10" in the proposed amended complaint is referred to as "Count 10"; and the third "Count 10" in the proposed amended complaint is referred to as "Count 11."

3

"Parties" section of the proposed amended complaint. [Id. at 7-8.] The Court also: (1) noted that the proposed amended complaint references to "Sisters" and "Nun" were references to terms that were not defined in the proposed amended complaint; and (2) reiterated that "Plaintiff is unable to pursue his Title IX claim except against an entity defendant." [Id. at 8 n.8 and n. 10.] Due to the statement of claims and factual allegations in the proposed amended complaint, the Court clarified that the only "remaining Defendants [we]re:  the Archdiocese, Fr. Anderson, and Sr. Mary Frances." [Id. at 7.] Based on Plaintiff's stated intent to file an amended complaint, the Court denied without prejudice as moot the pending motions, including those filed by Defendant Archdiocese and Defendant Anderson. [Id.] To date, Plaintiff has not filed an amended complaint or sought more time to do so.

The Court recently dismissed this case against Defendant Francis under Rule 4(m) after Plaintiff failed to show cause why that Defendant was not timely served with process and complaint. See Orders at ECF Nos. 66 and 70. Therefore, only Defendants Archdiocese and Anderson now remain before the Court..

**II. Discussion**

A. <u>Defendant Archdiocese's motion to dismiss</u>

The Archdiocese filed its presently pending motion to dismiss on December 22, 2020 [ECF No. 59]. The Archdiocese urges the Court to dismiss Plaintiff's claims for:  (1) failure to comply with a court order or to prosecute under Federal Rule of Civil Procedure 41(b); (2) lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); and (3) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  In support of its motion to dismiss, the Archdiocese submits the affidavit of Most Reverend Mark S. Rivituso [ECF No. 59-1].  As an alternative to its request to dismiss Plaintiff's claims with prejudice, Defendant Archdiocese

4

seeks a Court order requiring Plaintiff "to make a more definite statement of his claims" [ECF No. 59 at 6]. Plaintiff has neither filed a response to the Archdiocese's motion to dismiss nor requested more time to do so.

Importantly, the Archdiocese notes in its motion that Plaintiff has not filed an amended complaint, despite receiving leave to do so. However, despite recognizing that Plaintiff has not filed an amended complaint, Defendant Archdiocese's motion to dismiss solely addresses the claims set forth in the proposed amended complaint. See Archdiocese's mot. dismiss ¶¶ 4 and 6-16 [ECF No. 59]. Because the Archdiocese's pending motion does not seek dismissal of the only claims now before the Court, those in Plaintiff's original pro se complaint, the Court denies Defendant Archdiocese's motion for dismissal under Rules 12(b)(1) and 12(b)(6) without prejudice.

To the extent the Archdiocese seeks a more definite statement of Plaintiff's claims, the Court grants the request by giving Plaintiff a final due date for the filing of an amended complaint in accordance with the Court's December 8, 2020, memorandum and order. **Should Plaintiff fail timely to file an amended complaint complying with the December memorandum and order, this case will proceed on the claims against Defendants Archdiocese and Anderson only as set forth in Plaintiff's original pro se complaint.** At this time, the Court also denies without prejudice Defendant Archdiocese's motion to dismiss to the extent it seeks relief under Rule 41(b).

  B. <u>Defendant Anderson's motion to quash service of process and to dismiss</u>

Pursuant to Rule 12(b)(5), Defendant Anderson asks the Court to quash the service of process and original complaint on him because service occurred at an address at which he "did not [and does not now] reside or work." Additionally, Defendant Anderson urges the Court to

5

dismiss the case against him pursuant to Rule 4(m) because he was not served within ninety days of the filing of the original complaint.

On February 8, 2021, the Court gave Plaintiff until February 15, 2021, to serve and file a return of service on Defendant Anderson [ECF No. 65].  On February 12, 2021, Plaintiff filed a return reporting that personal service of alias summons on Defendant Anderson occurred on February 10, 2021.  Service of the alias summons occurred at an address other than the address used for the prior service of summons and complaint on Defendant Anderson.  See return of service of alias summons [ECF No. 69].  Accordingly, the Court denies without prejudice Defendant Anderson's motion to quash and dismiss.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendant Archdiocese's motion to dismiss [ECF No. 59] is **DENIED** without prejudice in part and **GRANTED** in part as set forth above.

**IT IS FURTHER ORDERED** that, on or before **Friday, February 26, 2021**, Plaintiff shall file an amended complaint setting forth claims against Defendants Archdiocese and Father Anderson only in compliance with the Court's order of December 8, 2020.  Should Plaintiff fail timely to file a compliant amended complaint, this matter will proceed against Defendants Archdiocese and Father Anderson only pursuant to Plaintiff's original pro se complaint.

**IT IS FINALLY ORDERED** that Defendant Father Anderson's motion to quash service of process and to dismiss [ECF No. 61] is **DENIED** without prejudice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of February, 2021