UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE J.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20-CV-331-PLC |
| v. ) | |
| ) | |
| ROMAN CATHOLIC ARCHDIOCESE ) | |
| OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANTS ARCHDIOCESE OF ST. LOUIS'S AND FATHER ALEXANDER ANDERSON'S JOINT MOTION TO STRIKE PLAINTIFF'S EXPERTS</u>**

COME NOW Defendants the Archdiocese of St. Louis and Father Alexander Anderson (collectively, "Defendants"), by and through their attorneys, and for their Joint Motion to Strike Plaintiff's Experts, state as follows:

1. Plaintiff's claims in this case arise out of his allegation that he was sexually abused by Father Alexander Anderson sometime in the 1980's and that he suffered a litany of injuries, including mental and physical pain, emotional distress, loss of enjoyment of life, loss of earnings, and medical and psychological treatment, therapy, and counseling. (*See, generally,* Doc. 72.)

2. Despite the serious nature of Plaintiff's allegations, he has repeatedly failed to comply with this Court's deadlines or the Federal Rules of Civil Procedure (hereinafter, "Rules"), and he has hindered the extent of discovery possible.

3. In particular, Plaintiff has repeatedly missed the deadlines set by this Court for disclosure of his experts and production of his experts' reports. Plaintiff failed to disclose his experts on the original June 28, 2021 deadline (*see* Doc. 84), and defense counsel informed Plaintiff's counsel of this omission on June 30, 2021. Because Plaintiff's counsel failed to file any

1

motion and Defendants' deadlines were approaching, Defendant Archdiocese filed a motion requesting an extension of all deadlines, including, as a courtesy, Plaintiff's. (Doc. 97.)

4. As such, the Court set a deadline of August 20, 2021, for Plaintiff to serve his expert disclosures and reports. (Doc. 98.) Plaintiff yet again missed this deadline, and again, defense counsel informed Plaintiff's counsel of this on August 26, August 29, and September 1, 2021.

5. After this Court's status conference on September 28, 2021, the Case Management Order set a deadline of October 25, 2021, for Plaintiff to disclose all expert witnesses and provide reports. (Doc. 113.) Yet again, Plaintiff failed to do either of these, and as a result, defense counsel requested a status conference to discuss these issues.

6. At the November 30 status conference and in its subsequent Case Management Order, this Court set a deadline of December 14, 2021, for Plaintiff to serve his expert disclosures and a deadline of December 28, 2021, for Plaintiff to serve any expert reports. (Doc. 118, 124.) The Court specifically noted in its docket text order that "[n]o further extensions of either deadline will be granted." (Doc. 118.)

7. To date, Plaintiff has not served any expert disclosure. Defendants note that although not permitted by the Federal Rules, Plaintiff has recently been filing certificates of service for his other discovery responses served; to date, none has been filed for any expert disclosure.

8. In addition, Plaintiff failed to serve an expert report on December 28, 2021. Rather, Plaintiff's counsel sent a purported expert report on December 31, 2021, with no explanation for the report's tardiness. The report notes that Plaintiff's proposed expert did not even have a conversation with Plaintiff until December 30, 2021, by which time the deadline for Plaintiff's expert report had already passed.

9. Plaintiff has failed to establish "good cause," as required by Rule 16(b) for yet another extension of this Court's many deadlines for his disclosure of an expert report.[1] He has been unable to properly serve an expert disclosure or report for ***six months*** after the original deadline. This repeated flouting of the Court's various orders has not only hindered necessary discovery in this case, but it has also resulted in multiple motions and status conferences that would not otherwise have been necessary, continuation of deadlines for dispositive motions, and ultimately, rescheduling of the trial date in this matter. As such, Plaintiff has single-handedly wasted defense counsel's and this Court's time by repeatedly failing to comply with a fairly basic deadline that exists in every federal case.

10. The Federal Rules of Civil Procedure give this Court broad discretion in fashioning a remedy for conduct such as the above. Rule 37(b) permits the Court to issue an order against a party that "fails to obey an order to provide or permit discovery." Such an order may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "strik[e] pleadings," "dismiss[] the action," or "treat[] as contempt of court the failure to obey." Rule 37(b)(2)(C) also states that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

---

[1] Defendants acknowledge Rule 37(c)(1), which mandates that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Although it may at first appear that this Rule applies at this juncture, the Eight Circuit has held that Rule 37(c)(1) (and therefore the "substantially justified or harmless" exception) applies only upon a party's attempt to use such untimely disclosed information "on a motion, at a hearing, or at trial." In other words, "Rule 37(c)(1) says nothing about its applicability when a court considers a request, pursuant to Rule 16(b), to amend a progression order and extend the deadline for Rule 26 disclosures." *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 435 (8th Cir. 2019). For this reason, Rule 16(b)'s "good cause" standard applies to any request for an extension to permit late disclosure of an expert report, and in the absence of such good cause, a party may not be granted such an extension. *Id.* at 435-36.
Defendants maintain that although Rule 37(c)(1) need not be applied now, Plaintiff's untimely disclosure should be excluded from any trial in this matter. A party fails to fall within the "harmless or substantially justified" exception where a court finds "'extensive gamesmanship' [that] cause[s] 'several motions and briefs' and border[ed] on misrepresentation to the Court and opposing counsel.'" *Am. Modern Home Ins. Co. v. Thomas*, 993 F.3d 1068, 1075 (8th Cir. 2021) (quoting *Am. Mod. Home Ins. Co. v. Thomas*, No. 4:16-cv-00215-CDP 2019 WL 396355, at *8 (E.D. Mo. Aug. 22, 2019)). Defendants submit that this description aptly applies to the circumstances here.

3

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

11.     Here, Defendants request that under Rule 37(b), Plaintiff be prohibited from introducing any expert opinion, including any opinions of Mr. Gary Schoener, into evidence in any hearing or trial of this matter. Defendants also request that Plaintiff and his counsel be required to pay Defendants' reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to timely serve an expert disclosure or report.

WHEREFORE, Defendants the Archdiocese of St. Louis and Father Alexander Anderson respectfully request that this Court grant their Joint Motion to Strike Plaintiff's Experts; prohibit Plaintiff from introducing any expert opinion into evidence in any hearing or trial of this matter; for Defendants' reasonable expenses, including attorney's fees; and for any other relief this Court deems just and proper under the circumstances.

HEPLERBROOM LLC

By: /s/Alexandra S. Haar
ALEXANDRA S. HAAR          #63846MO
ash@heplerbroom.com
211 North Broadway
Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile

*Attorney for Defendant Archdiocese of St. Louis*

4

CARMODY MACDONALD P.C.

By:    */s/Ryann C. Carmody (with consent)*
Gerard T. Carmody, #24769MO
Ryann C. Carmody, #56831MO
Ryan M. Prsha, #70307MO
120 South Central Avenue, Suite 1800
St. Louis, MO  63105
Telephone (314) 854-8600
Facsimile (314) 854-8660
gtc@carmodymacdonald.com
rcc@carmodymacdonald.com
rmp@carmodymacdonald.com

*Attorneys for Defendant Father Alexander Anderson*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on January 3, 2022, the foregoing was filed electronically with the Clerk of Court, to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

    */s/ Alexandra S. Haar*